MORROW, RUSSELL 0., Associate Judge.
The defendant-appellant was charged with possession of controlled substances, phencyclidine and cannabis, in violation of Florida Statute 893.13(l)(e).
On March 21, 1974, a search warrant, pursuant to an affidavit for search warrant, was issued, to search the premises known as the “ABC Lounge” in Orlando. The warrant alleged that the premises were under the control of Clifford Barrett and that cocaine was being kept on the premises in violation of Florida Statute 893.13. On March 22, 1974, said warrant was executed and certain property was taken and inventoried.
The appellant filed a Motion to Suppress Evidence, a hearing was held on the motion. The only testimony presented was that of the appellant, who stated that on March 22, 1974, he was sitting at the bar in the ABC Lounge when “a guy” ran up to him with a gun and told him not to move. He was searched, nothing was found and he was told to sit down and keep his hands on the bar. About fifteen minutes to one-half hour later he was searched again and cannabis was taken from him, and he was arrested.
The search warrant directed police to search a certain ABC Lounge and “any persons thereon reasonably believed to be connected with said illegal activity.” The trial court denied the Motion to Suppress.
The question presented is whether the trial court erred in denying appellant’s Motion to Suppress evidence.
There is nothing in the record which sets forth facts and circumstances to warrant a prudent man’s believing that the defendant was committing an offense. Nor does the record disclose that the police had probable cause to search and seize articles of a person lawfully on the premises. Further, there is no evidence by which one could reasonably believe the defendant to be connected with the illegal activity set forth in the affidavit on which said warrant was issued, to-wit: “that there is now being kept on said premises and curtilage certain controlled substance, to-wit; cocaine in violation of Florida Statutes 893.13.” We find error in the denial of the motion to suppress evidence.
Accordingly, the order appealed from is reversed and the cause is remanded with directions to grant the motion to suppress and further proceedings consistent with this opinion.
*418 REVERSED AND REMANDED, with directions.
DOWNEY, J., and SCHWARTZ, ALAN R., Associate Judge, concur.